UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-81231-CIV-SINGHAL/GALLER

VERDUN CHERY,

Plaintiff,

v.

FEDERAL EXPRESS CORPORATION, *successor by merger to* FEDEX GROUND PACKAGE SYSTEM, INC.,

Defendant.
_________________________________/

**ORDER REQUIRING SCHEDULING REPORT, STATEMENT OF CLAIM AND RESPONSE, AND REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. The Complaint in this action is filed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). To assist the Court in the management of this case, and in an effort to foster early and cost-effective resolution, the parties are **ORDERED** to comply with the following procedures:

**Statement of Claim**

1. **No later than twenty-one (21) days from the date of this Order**, Plaintiff is directed to file a "Statement of Claim" setting forth the following information with respect to each Plaintiff:

i. An initial estimate of the total amount of alleged unpaid wages;
ii. A preliminary calculation of such wages;
iii. The approximate period during which the alleged FLSA violations occurred; and,
iv. The nature of the wages (e.g., overtime or straight time).

2. **Within seven (7) days of an appearance by a Defendant**, Plaintiff shall file a notice of compliance that it has served a copy of this Order, the Statement of Claim, and copies of all supporting documents (including time sheets, pay stubs, etc.) upon counsel for Defendant(s).

3. **Within fourteen (14) days of service of Plaintiff's Statement of Claim**, Defendant(s) shall file a "Response to Plaintiff's Statement of Claim" setting forth in detail any defenses to Plaintiff's claim(s) and serve copies of all supporting documents.

**Joint Scheduling Report**

4. **Within twenty-one (21) days of an appearance by a Defendant** in this matter, the parties shall prepare and file a joint scheduling report, as required by Local Rule 16.1.[1] The joint scheduling report and proposed order shall include all information required by Local Rule 16.1(b)(2) and (3).

***Detailed Discovery Schedule***: Local Rule 16.1(a) provides for a differentiated case management system based on the complexity of each case and the requirement for judicial involvement. That system categorizes cases along three case management tracks: expedited, standard, or complex.

- **Expedited track** cases are relatively non-complex, require 1 to 3 days of trial, and between 90 and 179 days for discovery from the date of the scheduling order.
- **Standard track** cases require 3 to 10 days of trial, and between 180 and 269 days for discovery from the date of the scheduling order.
- **Complex track** cases are unusually complex, require over 10 days of trial, and between 270 and 365 days for discovery from the date of the scheduling order.

[1] The parties may "meet in person, by telephone, or by other comparable means." S.D. Fla. L.R. 16.1(b)(1).

"The following factors [are] considered in evaluating and assigning cases to a particular track: the complexity of the case, number of parties, number of expert witnesses, volume of evidence, problems locating or preserving evidence, time estimated by the parties for discovery and time reasonably required for trial, among other factors." S.D. Fla. L.R. 16.1(a)(3). **Because this case was originally filed years ago, the Court expects counsel to select the expedited track and be ready for trial no later than May 2027.**

Federal Rule of Civil Procedure 26(b)(1) allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The parties shall participate in good faith in developing a detailed discovery plan, including any agreed-upon limitation on scope, frequency and the extent of discovery. The parties shall include in their scheduling report any unique discovery matters, including any electronically stored information that should be preserved and accessed. The parties shall establish a detailed schedule for the preservation, disclosure and access of each different type or category of electronically stored information.

Consistent with the differentiated case management system, other relevant local rules (such as Local Rule 16.2, regarding mediation), and the twin goals of expeditious and attentive case management, the Court anticipates the following scheduling deadlines in the run of cases:

- Selection of a mediator and scheduling of a time, date and place for mediation within 30 days of the scheduling order.

- Deadline to amend pleadings and join parties within 60 days of the scheduling order.
- Completion of all discovery consistent with the case management track guidelines, and 120 days prior to trial.
- Completion of mediation prior to the deadline for dispositive pre-trial motions.
- Deadline for dispositive pre-trial motions and *Daubert* motions (which include motions to strike experts) 100 days prior to trial.
- Deadline for submission of joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, 10 days prior to trial.
- Calendar call one week prior to trial.

The parties should address their joint scheduling report and their proposed pre-trial deadlines both to the differentiated case management system and to the Court's anticipated deadlines. The parties are encouraged to explain their proposed deadlines in light of those overarching guidelines, including as to the factors listed in Local Rule 16.1(a)(3). **The parties are cautioned that if they fail to submit a joint scheduling report by the applicable deadline, the Court may unilaterally set this case on a case management track in accordance with Local Rule 16.1(a) and calculated as if the scheduling report had been timely filed.**

**Referral to Magistrate Judge for Settlement Conference**

This matter is **REFERRED** for purposes of a settlement conference before Magistrate Judge Brandy Brentari Galler to occur within **sixty (60) days** of Defendant(s) Response to Plaintiff's Statement of Claim. Counsel shall confer and jointly contact the Magistrate Judge's Chambers prior to the due date for the response by Defendant(s) to Plaintiff's statement of claim in order to schedule the settlement conference. The

Magistrate Judge will issue an Order Scheduling Settlement Conference outlining the time and requirements for the Settlement Conference. The Settlement Conference date may not be extended without prior approval from the Magistrate Judge. Except as provided under Local Rule 16.2(e), the appearance of counsel and each party, or representatives of each party with full authority to enter into a full and complete settlement, is mandatory. Appearance shall be in person; telephonic appearance is prohibited absent court order. All discussions, representations, and statements made at the settlement conference shall be confidential and privileged. If the case is settled at the settlement conference, counsel shall promptly notify the Court by filing a notice of settlement signed by counsel of record within **seven (7) days** of the conference.

5. In the event the settlement conference is unsuccessful, all parties are required to participate in subsequent mediation, which shall take place by the deadline contained in the Court's Scheduling Order, entered separately.

6. The parties are advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF